Filed 12/6/22  P. v. Daniel CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | B318585 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA263581) |
| v. | |
| KENNETH MARTIN DANIEL, | |
| Defendant and Appellant. | |

THE COURT:

In a second amended information filed September 21, 2005, defendant and appellant Kenneth Martin Daniel was charged with attempted murder with the personal use of a weapon (Pen. Code, §§ 664/187, subd. (a), 12022, subd. (b)(1))[1] (count 1), assault with a deadly weapon, with the infliction of great bodily injury (§§ 245, subd. (a)(1), 12022.7, subd. (e)) (count 2), and murder

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

(§ 187, subd. (a)) (count 3). The information further alleged several prior convictions.

On June 5, 2006, defendant was found guilty of counts 1 and 2. The strike/serious felony priors as well as the prison priors were also found true.

He was sentenced to prison for a total of 40 years to life.

On February 3, 2022, defendant filed a motion for relief pursuant to section 1473.6[2] and *Boykin v. Alabama* (1969) 395 U.S. 238. Specifically, he sought to vacate his priors on the grounds that his pleas to those cases were not knowing and intelligent. Because his pleas were induced by government misconduct by both the prosecution and the defense, this was newly discovered evidence pursuant to section 1473.6. He asked the trial court to appoint him counsel, vacate his prior plea bargains, and order any other applicable relief.

On February 7, 2022, the trial court called the matter without the presence of defendant, a prosecutor, or defense counsel. The trial court denied defendant's motion on the grounds that: (1) defendant was not out of custody; (2) defendant

---

[2] Section 1473.6 provides, in relevant part: "Any person no longer unlawfully imprisoned or restrained may prosecute a motion to vacate a judgment" based upon "[n]ewly discovered evidence of fraud" or "misconduct." (§ 1473.6, subds. (a)(1) & (3).) "'[N]ewly discovered evidence' is evidence that could not have been discovered with reasonable diligence prior to judgment." (§ 1473.6, subd. (b).) "A motion pursuant to this section must be filed within one year of . . . [t]he date the moving party discovered, or could have discovered with the exercise of due diligence, additional evidence of the misconduct or fraud by a government official beyond the moving party's personal knowledge." (§ 1473.6, subd. (d)(1).)

2

did not sufficiently allege evidence of fraudulent testimony or government misconduct; (3) the evidence was not newly discovered as defendant made no showing as to why he could not have discovered the alleged misconduct prior to judgment; and (4) defendant did not file the motion within one year of when he could have discovered the facts through the exercise of due diligence.

Defendant timely filed a notice of appeal.

Appointed counsel filed a brief raising no arguable issues and asking this court to conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*). On September 16, 2022, appointed counsel advised defendant of his opportunity to file a supplemental brief.

To date, no supplemental brief has been received.

As acknowledged in the opening brief, where appointed counsel finds no arguable issues in an appeal seeking postjudgment relief, the appellate court is not required to conduct an independent review for arguable issues. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039–1040, review granted Oct. 14, 2020, and issues for review expanded Oct. 27, 2021, S264278; see *People v. Serrano* (2012) 211 Cal.App.4th 496, 503.) However, we do review any contentions or arguments made if the defendant files his own supplemental brief or letter. (*People v. Cole*, *supra*, at p. 1039.)

Because neither defendant nor appellate counsel identified an issue warranting reversal, we dismiss the appeal as abandoned. (*People v. Cole*, *supra*, 52 Cal.App.5th at p. 1040; *People v. Scott* (2020) 58 Cal.App.5th 1127, 1135, review granted Mar. 17, 2021, S266853; *People v. Figueras* (2021) 61 Cal.App.5th 108, 111, review granted May 12, 2021, S267870; but see *People*

*v. Flores* (2020) 54 Cal.App.5th 266, 269 [when appointed counsel files a brief pursuant to *Wende, supra,* 25 Cal.3d 436 in an appeal from a summary denial of a section 1176.2 petition, a Court of Appeal is not required to independently review the entire record, but it can and should do so in the interests of justice]; *People v. Gallo* (2020) 57 Cal.App.5th 594, 598 [same]; *People v. Allison* (2020) 55 Cal.App.5th 449, 456 [same], review denied Dec. 23, 2020, S265450.)

The appeal is dismissed.

_____
LUI, P. J.                ASHMANN-GERST, J.                CHAVEZ, J.

4